```
                    UNITED STATES BANKRUPTCY COURT
                     NORTHERN DISTRICT OF GEORGIA
                           ATLANTA DIVISION

IN RE: ADRIAN STAFFORD VERWAYNE,   {   CHAPTER 13
                                   {
                                   {
       DEBTOR(S)                   {   CASE NO. A18-50346-BEM
                                   {
                                   {   JUDGE ELLIS-MONRO
```

**OBJECTION TO CONFIRMATION**

COMES NOW MARY IDA TOWNSON, TRUSTEE herein, and objects to Confirmation of the plan for the following reasons:

1. The Debtor(s)' payments under the proposed plan are not current.

2. The Debtor(s)' plan does not provide for payment of all of the Debtor(s)' disposable income to the Trustee for thirty-six (36) or more months as required by 11 U.S.C. Section 1325(b)(1)(B).

3. As unsecured creditors may receive less than in a Chapter 7 liquidation, the plan may not conform to 11 U.S.C. Section 1325(a)(4).

4. The proposed plan provides for the monthly payment(s) to secured creditor(s) to increase upon the completion of the payment of attorney fees. However, the plan fails to provide a date certain for when this increase should occur, thereby preventing the Trustee from properly administering the plan.

5. Schedule I (Income) may fail to accurately reflect new employment for the Debtor since original Schedules filed, in violation of 11 U.S.C. Section 1329 and Bankruptcy Rule 1007.

6. The Debtor has failed to disclose the transfer of a security interest in real property in November of 2017 on Statement of Financial Affairs Question #10, in possible violation of 11 U.S.C. Section 521(a)(1)(B)(iii) and Section 1325(a)(3).

Mary Ida Townson, Chapter 13 Trustee
Suite 2200 – 191 Peachtree Street, N.E.
Atlanta, GA  30303-1740
(404) 525-1110
brandik@atlch13tt.com

7. Pursuant to information received from the Georgia Department of Revenue, 2016 state tax returns have not been provided to the taxing authorities; thereby, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 plan, in violation of 11 U.S.C. Sections 1322(d) and 1325(a)(6).

8. The Chapter 13 budget reflects a $150.00 per month pet expense, an expense amount that may be excessive and unnecessary for the maintenance or support of the Debtor(s) in a composition Plan, in violation of 11 U.S.C. Section 1325(a)(3).

9. The Debtor(s)' Chapter 13 plan and schedules are inaccurate and/or incomplete; the Trustee is unable to determine either the duration or feasibility of the proposed plan. 11 U.S.C. Sections 1322(d) and 1325(a)(6); specifically, the Debtor checked both boxes in Part 1, Section 1.3 and the dates on which the increases in payments to the City of Atlanta, Freedom Mortgage, SRS Promenade, LLC and Flagship Credit Acceptance is unclear.

10. The Chapter 13 budget fails to provide for the monthly expenses of post-petition income tax liability for the Debtor and the Debtor's non-filing spouse's contract and on self-employment income and tax escrow slips have not been submitted; thereby, indicating that the proposed budget and Plan are infeasible, 11 U.S.C. Section 1325(a)(6).

11. The Chapter 13 Plan fails to provide for the appropriate pool of funds or dividend to the unsecured creditors, as required by 11 U.S.C. Section 1325(b)(1)(B). Specifically, the 22C Form reflects disposable income of $252.77, thus necessitating an unsecured pool of $15,166.20.

12. Due to a change in circumstances since filing, Schedules I and J do not correctly reflect the current financial situation, thereby preventing the Trustee from evaluating feasibility, 11 U.S.C. Section 1325(a)(6); specifically, the Debtor is no longer employed with Lowe's.

13. Pursuant to Debtor(s) testimony, the monthly expense for Lowe's wages income taxes are less than that reflected on Schedule J so that the Debtor has $79.00 in additional disposable income to contribute to the plan. 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

14. The Debtor(s) proposes to retain real property with significant pre-petition arrearage and nominal equity, while

Mary Ida Townson, Chapter 13 Trustee
Suite 2200 – 191 Peachtree Street, N.E.
Atlanta, GA  30303-1740
(404) 525-1110
brandik@atlch13tt.com

proposing a composition plan. Based on the foregoing, the proposed plan may violate 11 U.S.C. Section 1325 (a)(3).

    15. The Chapter 13 budget fails to include expenses for the Debtor's second mortgage; thereby, possibly rendering the proposed Chapter 13 plan payment to be infeasible, in violation of 11 U.S.C. Section 1325(a)(6).

    16. The funding of post-petition mortgage payments has not been maintained in the above-styled Chapter 13 case; thereby, rendering the present budget and proposed Plan infeasible, 11 U.S.C. Section 1325(a)(6).

    WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of this Debtor's (s') Plan and to dismiss the case; or, in the alternative, convert the case to one under Chapter 7.

                                      _____/s/_____
                                        Brandi L. Kirkland, Attorney
                                        for Chapter 13 Trustee
                                        GA Bar No. 423627

Mary Ida Townson, Chapter 13 Trustee
Suite 2200 – 191 Peachtree Street, N.E.
Atlanta, GA  30303-1740
(404) 525-1110
brandik@atlch13tt.com

A18-50346-BEM

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served

DEBTOR(S):

ADRIAN STAFFORD VERWAYNE
130 WYNFIELD WAY
ATLANTA, GA 30331

ATTORNEY FOR DEBTOR(S):

KING & KING LAW LLC
215 PRYOR STREET
ATLANTA, GA 30303

in the foregoing matter with a copy of this pleading by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

This 5th day of March 2018

           /s/
Brandi L. Kirkland, Attorney
for Chapter 13 Trustee
GA Bar No. 423627




Mary Ida Townson, Chapter 13 Trustee
Suite 2200 – 191 Peachtree Street, N.E.
Atlanta, GA  30303-1740
(404) 525-1110
brandik@atlch13tt.com